*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-11-00068-CR

Justin Ray **CARDENAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CR-4420
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:     Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  March 16, 2011

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence on June 14, 2010.  Appellant timely filed a motion for

reconsideration; therefore, the notice of appeal was due to be filed on September 14, 2010.  TEX.

R. APP. P. 26.2(a)(2).  Appellant filed a pro se notice of appeal and a motion for extension of

time to file the notice of appeal on January 20, 2011.  On February 1, 2011, this court issued an

order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.[1] Appellant has not responded to our order.

A late notice of appeal invokes the appellate court's jurisdiction in a criminal case only if (1) it is filed within fifteen days of the last day allowed for filing the notice of appeal, (2) a motion for extension of time is filed in the court of appeals within the fifteen-day grace period, and (3) the court of appeals grants the motion for extension of time. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). This court may not extend the time to file a notice of appeal unless a motion for extension of time is filed in the appellate court within fifteen (15) days after the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3. As noted, appellant did not file a motion for extension within the fifteen-day grace period. When a notice of appeal ***and*** a motion for extension of time are not filed within the fifteen-day grace period, the appellate court lacks jurisdiction. *Id.*; *Olivo*, 918 S.W.2d at 522; *but see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus in the trial court pursuant to article 11.07 of the Texas Code of Criminal Procedure). Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH

---

[1] We also note that the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).